[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10180

_____

D.C. Docket No. 3:11-cr-00024-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TELLY J. HILL,
a.k.a. Tally,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 7, 2013)

Before MARTIN and ANDERSON, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Telly J. Hill appeals his two convictions, arguing the government presented insufficient and irrelevant evidence to prove that he conspired to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine, and that he had a firearm in connection with that conspiracy. Hill contends there was insufficient evidence to prove the drug conspiracy charge and the gun charge because the government did not sufficiently corroborate his confession, which the government used to prove both charges. Hill also argues that evidence tying him to a drive-by shooting was improperly admitted under Federal Rule of Evidence 404(b). Based on the facts presented in this case, we affirm both of Hill's convictions.

I.

A defendant may not be convicted solely on the basis of an uncorroborated confession. Opper v. United States, 348 U.S. 84, 89–93, 75 S. Ct. 158, 162–164 (1954). When the government introduces a defendant's statement into evidence, it must also present "substantial independent evidence" to support the defendant's statement. Id. at 93, 75 S. Ct. at 164. The corroboration requirement "serves a dual function. It tends to make the admission reliable, thus corroborating it while

---

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

also establishing independently the other necessary elements of the offense." Id.
Thus, while we do not require independent, corroborative evidence to prove every
element of the offense, we do demand that the government present substantial
evidence to show that the confession, taken as a whole, is reliable and trustworthy.
Roberts v. United States, 416 F.2d 1216, 1222 (5th Cir. 1969) ("Indeed, it is
necessary only for the Government to introduce substantial independent evidence
which would tend to establish the trustworthiness of the confession.").[1]
Recognizing that "[e]ach case has its own facts admitted and its own corroborative
evidence," Opper, 348 U.S. at 93, 75 S. Ct. at 164, we conclude that the
independent evidence in this case satisfies the corroboration requirement because it
shows that Hill's confession is reliable and trustworthy.

### A.

We first decide whether the government presented sufficient evidence to
corroborate Hill's admission that he participated in a drug conspiracy.   Hill
contends that the government did not introduce sufficient evidence to corroborate
his statement that during the previous year, he bought a half-kilogram of cocaine
per week from a supplier named Erick Smith.  The government responds that it
introduced sufficient evidence for the jury to infer that Hill participated in a drug

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

conspiracy and that he knew Smith.  The government also argues this evidence corroborates Hill's confession of his participation in a large-scale drug conspiracy with Smith.

We conclude that the government presented sufficient corroborative proof by introducing evidence of Hill's extensive participation in the drug trade.  For example, during a search of Hill's home, the police found sixty-two grams of cocaine and fifty-five grams of crack cocaine in plastic bags, and also discovered "a large amount of suspected crack cocaine in plastic bags" being flushed down the toilet.  Hill had crack cocaine and several hundred dollars in his pocket.  The police also found approximately $2,000 in cash in a bedroom dresser; two boxes of baking soda, which "is used to increase the volume of powder cocaine in its transfer from powder into crack cocaine"; and plastic bags, which can be "used to package crack cocaine for resale."

On a separate occasion, Hill sold crack cocaine to a government confidential informant.  On yet another occasion, Hill was found with $4,190 in cash, leaving a hotel room that contained drugs and a digital scale.  When Hill saw the police, he swallowed a white object that the police believed to be cocaine.  On still another occasion in a different hotel, Hill's identification card was found hidden next to crack cocaine and marijuana, in a room that Hill helped pay for.  A government witness told the jury about incriminating text messages found on Hill's phone,

4

which suggested Hill was selling drugs.  Finally, in his confession, Hill told the police that Smith drove a Volvo, a white Chevy truck, and a red Dodge Magnum. A government witness confirmed that Smith drove these vehicles.

Viewing the evidence in the light most favorable to the government, United States v. Micieli, 594 F.2d 102, 104 (5th Cir. 1979), and considering the evidence of Hill's involvement with the drug business, including his knowledge of Smith's vehicles, we conclude that the government's independent evidence was substantial and showed that Hill's confession of a drug conspiracy with Smith was trustworthy, reliable and truthful.  See id. at 109; see also Smith v. United States, 348 U.S. 147, 156, 75 S. Ct. 194, 199 (1954) (explaining that corroborating evidence need only "fortif[y] the truth of the confession, without independently establishing the crime charged").  Thus, the government introduced sufficient evidence to corroborate Hill's confession.  Considering Hill's confession, together with the government's independent evidence, there is sufficient proof to sustain Hill's conspiracy conviction.

## B.

We also conclude that the government sufficiently corroborated Hill's statement that he used a gun to protect himself and his drug business.  Hill argues that the government did not offer sufficient proof to corroborate his statement to law enforcement that he possessed a .380 semiautomatic to protect his drug

business.  Hill acknowledges that a revolver was found in a hotel room next to drugs and his identification card, and that a .380 was used in a drive-by shooting which was a part of the evidence presented at his trial.  However, he argues that the government failed to connect these guns to the conspiracy for which he was indicted.  Based on this, Hill claims the government did not introduce sufficient evidence to corroborate his confession as it related to his gun charge.  The government counters that its evidence corroborated the confession as a whole, because the independent evidence of a gun found next to Hill's identification card and drugs, and Hill's participation in a drive-by shooting, supported the essential facts of Hill's statement that he used a gun to protect his drug business.

Again, the question before us is whether the government presented substantial evidence to show that Hill's admission to law enforcement, taken as a whole, is truthful, trustworthy, and reliable.  See Micieli, 594 F.2d at 109.  In his confession, Hill "admitted to possessing a [.]380 [caliber] pistol," which was used "for protection for himself, his drugs, and his drug proceeds[.]"  To corroborate his statement, the government presented evidence that a gun was found next to drugs and Hill's identification card, hidden in a room that Hill helped pay for.  The government also introduced evidence supporting the theory that Hill participated in the drive-by shooting at the home of a confidential informant, who was giving the government information on drug dealers in the area where Hill lived.  While Hill

may be correct that the government's corroborative evidence did not connect the guns to the charged conspiracy, the government's evidence—in particular, the gun found next to drugs and Hill's identification in Hill's hotel room—"tend[ed] to establish the trustworthiness" of Hill's statement that he used a gun to protect his drug business.  See Opper, 348 U.S. at 93, 75 S. Ct. at 164.  Thus, viewing the evidence in the light most favorable to the government, we conclude that the government introduced sufficient evidence to corroborate Hill's confession as it related to the gun charge.  Together, Hill's confession and the government's independent evidence are sufficient to sustain Hill's gun conviction.[2]

## II.

Finally, we address the admissibility of evidence relating to Hill's participation in the drive-by shooting at the home of a government confidential informant.  Hill contends that evidence of his involvement in the drive-by shooting was prejudicial and not relevant because the government did not prove that Hill was involved in the shooting, or that the shooting was connected to the charged conspiracy.  Hill also stresses that this evidence was inadmissible under Federal Rule of Evidence 404(b) because: 1) the evidence was not relevant "to an issue

---

[2] Hill also argues that because the government did not substantially corroborate his confession, the evidence was insufficient to prove the conspiracy charge, and thus the evidence was necessarily insufficient to prove he possessed a gun in furtherance of that conspiracy.  Because we conclude that the government substantially corroborated Hill's confession with regards to the conspiracy charge and there was sufficient evidence to support the conspiracy conviction, we need not address this argument.

7

other than the defendant's character," 2) there was insufficient proof for the jury to conclude that Hill committed the drive-by shooting, and 3) the probative value of the evidence was "substantially outweighed by its undue prejudice." See United States v. Phaknikone, 605 F.3d 1099, 1107–08 (11th Cir. 2010).  The government responds that the limitations on Rule 404(b) evidence do not apply here because the evidence was intrinsic to the charged offenses.  The government also claims that the evidence was relevant because it corroborated Hill's statement that he protected his drug business with a gun, and it tended to show that Hill had a gun in connection with the charged conspiracy.  Given the unique facts of this case, we agree with the government.

"Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . ." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (quotation marks and alterations omitted).  Here, the government introduced evidence that Hill participated in the drive-by shooting at the home of a confidential informant who was giving the government information on the Pensacola drug trade.  The shooting occurred only six days after the police discovered Hill with drugs and over four thousand dollars in a Pensacola hotel room.  During the search of this same hotel room, the police seized Hill's phone.  Hill then purchased a new phone, but kept the same phone

8

number, so the police were able to track his new phone.  Approximately an hour before the drive-by shooting at the home of the confidential informant, someone called the confidential informant from Hill's phone and threatened him.  Hill's phone was approximately two miles from the confidential informant's house at the time of the shooting.  Because the shooting was connected in time and circumstance with the charged crimes, the district court did not abuse its discretion in concluding the evidence was intrinsic, and thus not forbidden under Rule 404(b).[3]  See Edouard, 485 F.3d at 1344.  Neither did the district court abuse its discretion in concluding that the evidence was relevant, and was not substantially outweighed by its undue prejudice, when it tended to show that Hill carried a gun to protect his drug business.

## III.

For these reasons, Hill's convictions are **AFFIRMED**.

---

[3] We review a district court's evidentiary decisions for abuse of discretion.  United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001).

9